**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TRAMMELL MARQUIS LOWDERMILK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00440-O-BP** |
| | § | |
| **CITY OF ARLINGTON, TEXAS, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Dismiss (ECF No. 21) that the City of Arlington, Texas ("the City") filed on July 9, 2026, and the Response (ECF No. 23) that *pro se* Plaintiff Tramell Marquis Lowdermilk filed on July 24, 2026. Based upon a full review of the relevant pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 21) and **DISMISS** Lowdermilk's Second Amended Complaint.

## I. BACKGROUND

In June 2024, Arlington Police Department officers were dispatched to a call at an amusement part relating to an "aggressive" dog in the back of a pickup truck. ECF No. 19 at 2. Officers eventually charged Lowdermilk for failing to display a current rabies tag, not providing adequate food and water to an animal, and having an animal at large. *Id.* at 3. The City ultimately dropped these charges on December 17, 2025. *Id.*

Lowdermilk's Second Amended Complaint (ECF No. 19) alleges that he is an individual with disabilities including generalized anxiety disorder and depressive disorder with anxious

distress, which limit several major life activities. He alleges he uses his registered service dog "Baby Bottlez" as a service animal to perform tasks directly associated with his disability. *Id.* He contends that the citations amounted to discrimination and violation of Title II of the Americans with Disabilities Act ("ADA") and that they caused him damages. *Id.* at 4. First, he claims that the charges interrupted his employment opportunities when the Federal Protective Services ("FPS") discontinued his "fitness for duty determination" application due to the outstanding charges. *Id.* at 3. Also, he asserts that the charges caused him to lose employment on a Department of Homeland Security contract when FPS could not complete his application. *Id.* Lowdermilk seeks compensatory damages, injunctive relief, and declaratory and equitable relief. *Id.* at 5.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2)

referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B. *Pro se* standard

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle*, 429 U.S. at 106. However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C. Title II of the ADA

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity. . . .'" *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (emphasis added) (citing 42 U.S.C. § 12132). "Title II imposes an 'obligation to accommodate,' or a 'reasonable modification requirement.'" *Frame v. City of Arlington*, 657 F.3d 215, 231 (5th Cir. 2011) (citing *Tennessee v. Lane*, 541 U.S. 509, 532-33 (2004)).

To state an ADA claim under Title II, a plaintiff must show he is "(1) a qualified individual [under] the ADA; (2) [he] is being excluded from participation in, [] being denied benefits of services . . . or is otherwise being discriminated against by a public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of [his] disability." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 245 (5th Cir. 2021) (citing *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)).

### D. Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

## III. ANALYSIS

### A. The Court should dismiss Lowdermilk's ADA claim.

For element one of a Title II ADA claim, Lowdermilk alleges he is a qualified individual under the ADA because his conditions substantially limit several major life activities. ECF No. 19 at 2. As to the second element, Lowdermilk asserts that the City discriminated against him. *Id.* at 4. However, he does not provide sufficient facts to show how he was "excluded from participation

in, [] denied benefits of services . . . or [] otherwise [] discriminated against by a public entity." *Martinez*, 846 F. App'x at 245. His allegation of discrimination is nothing more than an unsupported conclusion that is unavailing under the Rule 12(b)(6) standard, even when the Court accepts his well-pleaded allegations as true. Citations for violations of ordinances relating to animal welfare and display of a rabies vaccination tag is unrelated to whether Lowdermilk was "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." *Hainze*, 207 F.3d at 799. Nor do Lowdermilk's threadbare recitals explain how the City neglected any obligation to accommodate or make a reasonable modification. *Frame*, 657 F.3d at 231.

Finally, under the third element, Lowdermilk does not explain how the "exclusion, denial of benefits, or discrimination is by reason of [his] disability." *Martinez*, 846 F. App'x at 245. Lowdermilk asserts, without a factual basis, that the City discriminated against him. But "[t]he fact that [Lowdermilk] alleges a disability and that []he was denied benefits does not necessarily mean that [his] disability was the *reason* []he was denied benefits." *Id*. at 245-46 (emphasis in original). As a result, the Court should dismiss Lowdermilk's ADA claim because he has not stated a viable claim for relief.

**B. Dismissal without leave to amend**

Lowdermilk does not plead any plausible basis upon which he is entitled to relief, despite having multiple opportunities to do so. Lowdermilk already has filed his Complaint, Amended Complaint, Second Amended Complaint, and Response to the pending Motion to Dismiss. ECF Nos. 1, 6, 19, 23. In addition, previous Motions to Dismiss (ECF Nos. 15, 16) identified similar deficiencies in Lowdermilk's Amended Complaint. The Court deemed those Motions to be moot when Lowdermilk filed his Second Amended Complaint. *See* ECF No. 20. Lowdermilk had an opportunity in his Second Amended Complaint (ECF No. 19) to correct the deficiencies those

Motions identified. Nevertheless, he still has not stated a right to relief beyond the speculative level. The Court concludes that Lowdermilk has pleaded his best case and that further amendment of the Second Amended Complaint to address the deficiencies noted above would be futile. Therefore, the Court should dismiss Lowdermilk's Amended Complaint without leave to amend.

## IV. CONCLUSION

Because Lowdermilk has not pleaded a plausible factual basis for his ADA claim, and further amendment of his Second Amended Complaint to cure these defects would be futile, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion to Dismiss (ECF No. 21) and **DISMISS** Lowdermilk's Second Amended Complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417, modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 28, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE